United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAURICIO CUADRA,

                        Plaintiff,

        v.

CITY OF SOUTH SAN
FRANCISCO, et al.,

                        Defendants.

NO. C 08-3439 TEH

**ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT'S MOTION TO
DISMISS**

        This matter came before the Court on Monday, January 26, 2009, on the motion to
dismiss of the City of South San Francisco and Mike Brosnan, Danny Gil, John Kallas, Matt
McNichol, Blake Molyneux, Adam Plank, and Roy Varney, all of whom are police officers
of the City of South San Francisco.  Having carefully considered the parties' written and oral
arguments, Defendants' Motion is GRANTED IN PART and DENIED IN PART for the
reasons set forth below.

**FACTUAL AND PROCEDURAL BACKGROUND**

        As on a motion to dismiss the Court must assume as true the facts as alleged by the
Plaintiff, this factual account is based on that Cuadra offered in his First Amended Complaint
("FAC").  Cuadra alleges that on July 8, 2006, he was standing outside a house in South San
Francisco smoking a cigarette when a police car arrived.  Defendant Molyneux approached
Cuadra and asked him what he was doing there.  Cuadra replied, "nothing," and the officer
repeated the question.  FAC ¶ 15.  Cuadra then asked why he was being stopped and

1   questioned.  Molyneux told Cuadra to shut up, and then lunged and hit Cuadra in his eye,
2   which caused him to fall onto his back.

3       Other officers helped Molyneux flip Cuadra onto his stomach and handcuffed him.
4   Molyneux placed his foot on Cuadra's back.  Cuadra protested, but the officers did not listen.
5   One pulled Cuadra's arms into the air and put his knee into Cuadra's back, which caused
6   Cuadra's head to hit the pavement, causing abrasions.  Another officer said to Cuadra "stop
7   yelling and making noise. . . [B]e a good little boy and cooperate and everything will be
8   OK."  *Id.* at ¶ 17.  The officers placed Cuadra in something like a straight-jacket, which they
9   tightened until it caused Cuadra extreme pain.  When he complained, they again told him to
10  shut up, and hit him in the stomach.  Cuadra was then transported to the county jail.

11      On the following day, Cuadra went to the South San Francisco Police Station to file
12  an administrative complaint against the officers, alleging excessive force.  One officer from
13  the previous night told Cuadra that he was the officer who had transported Cuadra  to jail.
14  When he handed Cuadra the form, he said, "Here's the complaint form.  Normally these
15  problems get fixed if we talk about it."  *Id.* at ¶ 21.  Cuadra interpreted the officer's
16  comments to be a warning not to file a complaint.  Nevertheless, on July 8, 2006, Cuadra
17  filed an administrative complaint alleging that the officers who arrested him used excessive
18  force.

19      Cuadra alleges that the individual Defendants, on or about October 4, 2006, prepared
20  a false report against him, which led to a criminal complaint and arrest warrant being issued
21  for false allegation of misconduct against a peace officer, in violation of California Penal
22  Code § 148.6(2).  The criminal complaint against Cuadra for this offense was filed on or
23  about December 6, 2006; it alleged that Cuadra's administrative complaint against the
24  officers related to the July incident was false.  Cuadra was then arrested.  He spent seven
25  days in jail and paid $750 in bail.  He also was forced to obtain an attorney to defend himself.
26  He alleges that these charges were pending against him for almost a year.

27      Cuadra filed suit against the City of South San Francisco and seven of the City's
28  police officers on July 16, 2008.  Defendants filed a motion to dismiss the complaint, and

2

Cuadra filed his First Amended Complaint in lieu of an opposition.  In the FAC, Cuadra brings five claims for relief under 42 U.S.C. § 1983, specifically alleging excessive force, unreasonable search and seizure, malicious prosecution, violation of his first amendment rights, and a Monell claim against the City for each of the prior four causes of action.  On December 8, 2008, Defendants filed a motion to dismiss the FAC, which is currently before the Court.

**DISCUSSION**

**I. Legal Standard**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's pleading fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In evaluating the sufficiency of a complaint's allegations, a court must assume the facts alleged in the complaint to be true, construing all facts in the light most favorable to the plaintiff,  unless the allegations are controverted by exhibits attached to the complaint, matters subject to judicial notice, or documents necessarily relied on by the complaint and whose authenticity no party questions.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  A court should not grant dismissal unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**II. Discussion**

Defendants move the Court to dismiss Cuadra's FAC under Rule 12(b)(6), asserting that: 1) Cuadra fails to state a cause of action because he failed to file within the two-year statute of limitations; 2) the FAC fails to state a claim of malicious prosecution for which relief may be granted; and 3) the FAC fails to state a valid First Amendment claim for which relief may be granted.

**A. Statute of Limitations**

Defendants' first argument is that all of Plaintiff's claims arising from the two July incidents– the initial arrest on July 8, 2006, and the filing of the complaint against the

3

1   officers on or about July 11of that year– must be dismissed because they were not brought

2   timely under the applicable statute of limitations, as he initiated his case before this Court on

3   July 16, 2008.  The parties agree that the applicable statute for federal claims brought under

4   section 1983 is found in the state's personal injury statute, *Abreu v. Ramirez*, 284 F.Supp. 2d

5   1250, 1255 (C.D. Cal. 2003), which in California is two years under California Code of Civil

6   Procedure § 335.1.  *See Martinez v. Marin Sanitary Serv.*, 349 F.Supp. 1234, 1249 (N.D. Cal.

7   2004) (noting new two-year statute).

8          Plaintiff admits that his first and second causes of action accrued on July 8, 2006, but

9   argues that the statute of limitations should be tolled pursuant to California Government

10  Code § 945.3, which provides in relevant part that:

11           No person charged [with] a criminal offense may bring a civil action . . .
             against a peace officer or the public entity employing a peace officer based
12           upon conduct of the peace officer relating to the offense for which the accused
             is charged, including an act or omission in investigating or reporting the
13           offense or arresting or detaining the accused, while the charges against the
             accused are pending before a superior court.  Any applicable statute of
14           limitations for filing and prosecuting these actions shall be tolled during the
             period that the charges are pending before a superior court.
15

16  Under this statute, Cuadra asserts that the December 6 criminal charges against him were

17  related to the July incident; he asks the Court to toll the statute of limitations as a result of

18  those charges, which were pending for approximately fourteen months until they were

19  dismissed on January 30, 2008.  Defendants argue, in contrast, that because the December 6

20  criminal charges are unrelated to the causes of action that Plaintiff brings regarding the July

21  incidents, these causes of action are time-barred.

22         Both parties rely on *Torres v. City of Santa Ana* as justification for their argument.

23  108 F.3d 224 (9th Cir. 1997).  There, Torres was arrested in 1994 for two misdemeanors,

24  prowling and resisting/obstructing, which subsequently led to his being charged with a

25  probation violation stemming from a 1991 robbery conviction.  *Id.* at 225.  Torres filed a

26  civil complaint against the police department alleging excessive force during his 1994 arrest.

27  *Id.* at 226.  Torres argued that his pending charge for the probation violation should have led

28  to the application of the tolling statute as to his civil complaint, and asked the Court to toll

4

1    the statute of limitations.  *Id.*  The Ninth Circuit held that Torres's civil complaint was

2    related to the 1994 arrest, not the pending probation violation charge.  *Id.* at 228.  As a result,

3    although the court tolled the statute for his misdemeanor charges, the unrelated pending

4    probation charge did not toll the application of the statute of limitations.  *Id.*  Accordingly,

5    the court found Torres's claim to be time-barred.  *Id.*

6         Here, the Court must likewise determine to which events each of Cuadra's causes of

7    actions is related.  Cuadra's assertion of excessive force arises directly from the July 8

8    incident and arrest.  They are distinct from and unrelated to the criminal charges brought

9    against him in December for false complaint.  The first cause of action is therefore time-

10   barred as it is unrelated to the charges that were pending for fourteen months.

11        Cuadra's second cause of action for unreasonable search and seizure is actually two

12   claims for arrest without probable cause: one arising from the July arrest, and one arising

13   from the December arrest.  FAC ¶¶ 33-34.  Any violation of section 1983 that may have

14   occurred in July has no relationship to the charge brought against Cuadra in December; it

15   therefore is time-barred since it occurred more than two years before Cuadra filed his civil

16   complaint.  However, the unreasonable search and seizure claim arising from the December

17   conduct occurred within two years of the filing of the complaint and is not time-barred.

18        In his fifth cause of action for Monell liability against the City of South San

19   Francisco, Cuadra asks this Court to hold the City liable for the actions of the police officers

20   in violation of 42 U.S.C. § 1983 under the principles of liability explained by the United

21   States Supreme Court in *Monell v. Department of Social Services of New York*, 436 U.S. 658

22   (1978).  Success on a Monell claim requires Plaintiff to demonstrate constitutional

23   deprivation.  *See Fairley v. Luman*, 281 F.3d 913, 917 (9th Cir. 2002).  However, as the

24   Court has determined that Cuadra is time-barred from asserting that he experienced any

25   constitutional injury related to conduct in July of 2006, so too are time-barred the aspects of

26   his Monell claim arising from that conduct.

27        Accordingly, as amendment cannot cure these defects, the Court dismisses with

28   prejudice the first cause of action, the portion of the second cause of action arising from

United States District Court

For the Northern District of California

5

police conduct on July 8, 2006, and the portion of the fifth cause of action arising from police conduct on that date.

**B. Malicious Prosecution Claim**

Defendants claim that Cuadra's third cause of action for malicious prosecution should be dismissed because 1) there is a rebuttable presumption that prosecutors exercise independent judgment in pressing charges, which Cuadra has failed to rebut, and 2) all individual defendants are immune from malicious prosecution claims under California Government Code § 821.6.

In *Smiddy v. Varney*, the Ninth Circuit announced the rebuttable presumption that prosecutors exercise independent judgment in pressing charges, which immunizes investigating officers from related damages.  665 F.2d 261, 266-67 (9th Cir. 1981).  The Defendants argue that this presumption must be construed against Plaintiff because he has failed to rebut the presumption in his pleading.  They claim that under *Newman v. County of Orange*, the Plaintiff must show that Defendants lacked probable cause and that the prosecution terminated in Plaintiff's favor.  457 F.3d 991 (9th Cir. 2006).  They assert that Plaintiff has failed to make this affirmative allegation.  Further, in factual support of this contention, they ask the Court to take judicial notice of a series of documents that they claim demonstrate that the prosecution was dismissed in a plea bargain.  Defs.' Am. Req. for Judicial Notice.

*Newman* actually provides a more general list of ways that a Plaintiff can rebut this presumption.  457 F.3d at 994-95.  Its central holding is that "[t]o rebut the presumption of independent judgment and to survive summary judgment on a malicious prosecution claim, a plaintiff must provide more than an account of the incident in question that conflicts with the account of the officers involved."  *Id.* at 995.  Even if the Court were to interpret *Newman* as Defendants argue the case, Plaintiff does affirmatively allege the lack of probable cause and that the charges against him were dismissed.  FAC ¶¶ 40-41.  Also, the documents of which Defendants seek judicial notice do not, on their face, demonstrate that the charges were dismissed in a plea bargain.  At the hearing on this motion, Defendants acknowledged that

the documents did not, on their face, demonstrate that the charges were dismissed in a plea bargain.

As on a motion to dismiss, the Court must construe all factual allegations in the favor of the non-moving party, *Lee*, 250 F.3d at 688-89, the Court must reject Defendants' arguments.  The *Smiddy* and *Newman* decisions were not reached on motions to dismiss.  665 F.2d at 263; 457 F.3d at 995. Here, Cuadra has pleaded facts which, if construed in his favor, would rebut the *Smiddy* presumption; this appears to be all that is required of Plaintiff on a motion to dismiss.  Defendants' argument about the *Smiddy* presumption therefore does not justify granting their motion to dismiss as to Plaintiff's third cause of action.

Defendants also seek dismissal of Cuadra's malicious prosecution claim under California Government Code § 821.6, which provides that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Defendants cite this statute as basis for immunity of the police officers from civil liability, and by extension, of the city from Monell liability.  However, Defendants' second argument for dismissing Plaintiffs' malicious prosecution claim must necessarily fail because they have offered no authority for applying this California rule in the federal courts as immunization against liability under section 1983.  In fact, the Supreme Court has specifically articulated this point:

> Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law.  A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced.  The immunity claim raises a question of federal law.

*Martinez v. Cal.*, 444 U.S. 277, 284 n.8 (1980) (internal citation omitted) (quoting favorably *Hampton v. Chicago*, 484 F.2d 602, 607 (7th Cir. 1973)).  Were Plaintiff to have brought his malicious prosecution claim under state law, this immunity might apply; as it is brought as a section 1983 claim, there is no immunity.  Cuadra's third cause of action therefore must withstand Defendants' motion to dismiss.

United States District Court

For the Northern District of California

**C. First Amendment Claim**

1
2       Defendants seek to dismiss Plaintiff's fourth cause of action, in which he alleges
3  violation of his first amendment rights.  They argue that this is essentially a restatement of
4  the third cause of action for malicious prosecution, and that accordingly, the *Smiddy*
5  presumption and immunity under state statute justify the dismissal of this claim.  However,
6  this argument must fail for two primary reasons.  First, a single set of facts may give rise to
7  more than one cause of action, which is what Cuadra asserts in this case.  Second, even if the
8  Court were to apply these defenses to Cuadra's first amendment claim, as just demonstrated
9  regarding the third cause of action, neither of these are proper bases for dismissing this case.
10  *See Newman*, 457 F.3d at 994-95; *Martinez*, 444 U.S. at 284 n.8.

11       Defendants additionally argue that California Civil Code § 47 grants an absolute bar
12  on bringing first amendment claims based on written government records.  That statute states
13  in relevant part: "A privileged publication or broadcast is one made: (a) In the proper
14  discharge of an official duty.  (b) In any (1) legislative proceeding, (2) judicial proceeding,
15  (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any
16  other proceeding authorized by law . . . ."  Defendants argue that subsection (b)(3) means
17  that police reports are absolutely privileged in California.  Again, as with the prior privilege,
18  Defendants offer no legal authority for the application of this state law privilege in federal
19  court on a federal legal claim.  Although they rely on *Johnson v. Symantec Corp.*, 58 F.Supp
20  2d 1107, 1109 (N.D. Cal. 1999), as justification for their argument, in that case the federal
21  court was considering a state law matter; there, the court was not applying that privilege in a
22  suit in federal court raising federal law claims, which is the posture of the present case.
23  Other federal courts have expressly held that California's litigation privilege does not apply
24  to federal causes of action.  *Oei v. N. Star Capital Acquisitions, LLC*, 486 F.Supp.2d 1089,
25  1098 (C.D. Cal. 2006) ("[I]t is equally well settled that the California litigation privilege does
26  not apply to federal causes of action."); *Irwin v. Mascott*, 112 F.Supp.2d 937, 963 (N.D. Cal.
27  2000) (holding that state privilege does not immunize defendants from liability in federal
28  case).

Because Defendants' arguments as to the fourth cause of action are unavailing and because Plaintiff has met the extremely low bar to survive a motion to dismiss by pleading "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 127 S. Ct. at 1974, his fourth cause of action should survive Defendants' motion to dismiss. Accordingly, Defendants' motion to dismiss as to Plaintiff's fourth cause of action is denied.

**CONCLUSION AND RECOMMENDATION**

Having carefully considered the parties' written and oral arguments, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. Insofar as Plaintiff's claims are based on incidents that occurred prior to July 16, 2006, they are time-barred. Accordingly, the Defendants' motion to dismiss is GRANTED IN PART; Cuadra's first cause of action, the portion of the second cause of action arising from police conduct on July 8, 2006 (as found in paragraph 33 of the FAC), and the portion of the fifth cause of action arising from police conduct on that date are dismissed with prejudice, as their defects cannot be cured. Defendants' motion to dismiss is DENIED IN PART, as relates to all other aspects of the FAC, specifically the third and fourth causes of action, and aspects of the second and fifth causes of action arising from conduct that occurred after July 15, 2006. As to these causes of action, Plaintiff has pleaded enough facts to state a claim to relief that is plausible on its face.

**IT IS SO ORDERED.**

Dated: March 5, 2009

Thelton E. Henderson
United States District Judge