IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAURICIO CUADRA,

        Plaintiff,

v.

CITY OF SOUTH SAN FRANCISCO, et al.,

        Defendants.

NO. C 08-3439 TEH

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO RECONSIDER**

The Court is in receipt of Plaintiff's "Motion for Leave to File Motion to Reconsider Order Partially Granting Motion to Dismiss" of March 19, 2009, and heard from Plaintiff's counsel regarding that motion in a Case Management Conference on April 27, 2009. Plaintiff asks the Court to reconsider its order of March 5, 2009, granting in part and denying in part Defendants' motion to dismiss. Plaintiff argues that in the joint case management conference statement, Defendants' statement that "[w]hether Plaintiff lied in his complaint about the events of July 8 and 11, 2006" remains a legal issue in this matter is tantamount to an admission that their prior position pursuant to their motion to dismiss was erroneous.[1] As a result, Plaintiff claims that Defendants have admitted that the statute of limitations should be tolled. In the case management conference of April 27, Plaintiff argued that because

---

[1] Plaintiff specifically argues in its Motion: Plaintiff submits that Defendants [sic] admission that the facts surrounding the events of July 8 and 11, 2006 are relevant to the resolution of the claims that <u>remain</u> following the Court's Order granting the motion to dismiss, is an admission that the conduct of the officers on July 8, 2006 is related to the December charges brought against Plaintiff. Moreover, reconsideration of the Court's Order is required to prevent the manifest injustice that would ensue if Plaintiff is not allowed to pursue his meritorious claims.

1  Defendants seek to discover materials related to the July events, they have conceded that the
2  tolling statute should apply.  These arguments are unavailing.

3  The definition of relatedness under California Government Code § 945.3 and as
4  conceptualized in the Federal Rules of Civil Procedure as regards discovery are quite
5  distinct.  Discovery is permitted of "any nonprivileged matter that is relevant to any party's
6  claim or defense;" "it need not be admissible at the time of trial if the discovery appears
7  reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Pro. 26.
8  This Court's analysis of relatedness pursuant to the tolling statute of California Government
9  Code § 945.3 in its March 5, 2009, order is clear, and much more narrow than what qualifies
10 as discoverable and relevant under Rule 26.  Under the Ninth Circuit's interpretation of
11 "relatedness" in *Torres v. City of Santa Ana*, 108 F.3d 224 (9th Cir. 1997), a subsequent civil
12 complaint is related to a prior offense if it is based upon conduct that occurred in the prior
13 criminal offense.  The Federal Rules of Civil Procedure permit a much more attenuated
14 relationship between matters that are discoverable.  That Defendants may seek to discover
15 information related to the events of July 8 and 11 does not amount to an admission that these
16 events were "related" for the purposes of the application of the tolling statute.  As a result,
17 the Court DENIES Plaintiff's Motion for Leave to File Motion to Reconsider Order Partially
18 Granting Motion.

21 **IT IS SO ORDERED.**

23 Dated: April 28, 2009
24                                                                          Thelton E. Henderson
                                                                            United States District Judge

2